IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-hc-02132-BO

| | |
|---|---|
| TERRANCE R. PHELPS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| JUSTIN ANDREWS, | ) |
| | ) |
| Respondent. | ) |

On May 18, 2018, Terrance R. Phelps ("petitioner"), an inmate at F.C.I. Butner, filed pro se a petition for writ of habeas corpus under 28 U.S.C. § 2241. [D.E. 1]. After conducting initial review under 28 U.S.C. § 2243, the court allowed the action to proceed. [D.E. 5]. On June 28, 2019, respondent filed a motion to dismiss [D.E. 13] and a memorandum in support [D.E. 14]. Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court issued a "Rule 12 Letter" notifying petitioner about the motion to dismiss, the consequences of failing to respond, and the response deadline. [D.E. 15]. Petitioner filed duplicate responses in opposition. See [D.E. 16, 17]. For the reasons discussed below, the court will grant respondent's motion to dismiss.

Background:

On March 5, 2008, pursuant to a written plea agreement, petitioner pleaded guilty in the United States District Court for the Middle District of North Carolina to one count of possession with intent to distribute cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) (Count 1), and possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 2). See United States v. Phelps, No. 1:07-CR-00408-JAB-1, Plea Agreement [D.E. 18] (M.D.N.C. Mar. 5, 2008). The government filed notice of its intent to seek an

enhanced sentence pursuant to 21 U.S.C. § 851 in reliance on petitioner's 2005 North Carolina conviction for felony possession with intent to sell and deliver cocaine. See id., Notice [D.E. 24] (M.D.N.C. Feb. 5, 2009). Petitioner was found to be a career offender under section 4B1.1 of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") and sentenced to a term of 240 months' imprisonment on Count 1 and a consecutive term of 60 months' imprisonment on Count 2. See id., J. [D.E. 26] (M.D.N.C. Mar. 5, 2009); Pet. [D.E. 1] at 6. Petitioner did not appeal.

On March 12, 2014, petitioner filed through counsel a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, arguing he was improperly sentenced as a career offender. See id., Mot. [D.E. 29] (M.D.N.C. Mar. 12, 2014). On November 16, 2016, the sentencing court dismissed the motion. Id., Order [D.E. 42] (M.D.N.C. Nov. 16, 2016). Petitioner did not appeal.

In his prior section 2241 petition, petitioner argued he was "innocent o[f] the 851, and 4b1.1 career offender enhancement." See Phelps v. Andrews, No. 5:17-hc-02063-D, [D.E. 1-1] at 3, 7–12 (E.D.N.C. Mar. 17, 2017). After finding that petitioner failed to demonstrate that section 2255 was inadequate or ineffective to test the legality of his detention under the relevant "savings clause" test for 28 U.S.C. § 2255(e), the court dismissed the petition without prejudice, and denied a certificate of appealability. See id., Order [D.E. 3] (E.D.N.C. Sept. 20, 2017). Petitioner did not appeal.

In the instant section 2241 petition, petitioner contends that, pursuant to United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018) ("Wheeler"), a section 2241 petition is the proper method to challenge his sentencing as a career offender under U.S.S.G. § 4B1.1. See Pet. [D.E. 1-1] at 5, 6. In support of his argument, petitioner relies upon, among other cases, Mathis v. United States, 136 S. Ct. 2243 (2016) ("Mathis"); United States v. Newbold, 791 F.3d 455 (4th Cir. 2015) ("Newbold"); United States v. Davis, 720 F. 3d 215 (4th Cir. 2013) ("Davis"); United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) ("Simmons"). See Pet. Attach. [D.E. 1-1] at 6–7.

2

Respondent argues that the cases upon which petitioner seeks to rely cannot satisfy the test under Wheeler to show that a section 2255 motion is inadequate or ineffective. See Resp't Mem. [D.E. 14] at 6–8. Respondent also argues that a career offender enhancement of a sentence under the advisory Guidelines, even if later invalidated, is not a "fundamental defect" for the purposes of a section 2241 habeas petition. Id. at 8 (citing United States v. Foote, 784 F.3d 931, 936 (4th Cir. 2015) ("Foote"); Lester v. Flournoy, 909 F.3d 708, 715 (4th Cir. 2018) ("Lester")).

In his response, petitioner again asserts that he was wrongly sentenced as a career offender. See [D.E. 16, 17] (citing Rosales-Mireles v. United States, 138 S.Ct. 1897 (2018) ("Rosales-Mireles"); Molina-Martinez v. United States, 136 S.Ct. 1338 (2016) ("Molina-Martinez"); Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010) ("Carachuri-Rosendo"); Lester, 909 F.3d 708; Wheeler, 886 F.3d 415; United States v. Jefferson, 747 F. App'x 165 (4th Cir. 2019) ("Jefferson")).[1]

Discussion:

Section 2241 empowers the court to grant habeas relief to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c). However, prisoners that are "convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C.A. § 2255." In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc).

---

[1] Petitioner also cites United States v. Parral-Dominguez, 794 F.3d 440 (4th Cir. 2015) ("Parral-Dominguez"); United States v. McCullum, 161 F. App'x 265, 266 (4th Cir. 2006) (per curiam) (unpublished) ("McCullum"), and United States v. Marroquin, 874 F.3d 851, 853 (5th Cir. 2017), opinion withdrawn and superseded, 884 F.3d 298 (5th Cir. 2018) ("Marroquin"). Pet. Attach. [D.E. 1-1] at 7–8. Parral-Dominguez is substantially distinguishable because it addresses a use of force clause in U.S.S.G. § 2L1.2, not a career offender finding under U.S.S.G. § 4B1.1. See Parral-Dominguez, 794 F.3d at 444–45. McCullum is not binding precedent and also is distinguishable because it addresses a direct appeal of a sentencing violation under United States v. Booker, 543 U.S. 220 (2005) ("Booker"). McCullum, 161 F. App'x 265, 266 (4th Cir. 2006). The 2017 Marroquin opinion upon which petitioner seeks to rely subsequently was withdrawn and is not binding precedent in any event. Further, although petitioner also appears to rely upon Hill v. Masters, 836 F.3d 591, 598 (6th Cir. 2016), and Garner v. Andrews, No. 5:17-hc-02178-D (E.D.N.C. Jan. 10, 2019), see [D.E. 16], these cases are not binding precedent and lack persuasive relevance to the instant action.

3

Although petitioner filed the instant petition under section 2241, he challenges the validity, not the execution, of his sentence. Thus, petitioner generally must seek relief under section 2255. See United States v. Poole, 531 F.3d 263, 270 (4th Cir. 2008); In re Jones, 226 F.3d 328, 332–33 (4th Cir. 2000) (per curiam) ("Jones"); In re Vial, 115 F.3d at 1194. Petitioner "may file a habeas petition under § 2241 only if the collateral relief typically available under § 2255 'is inadequate or ineffective to test the legality of his detention.'" Prousalis v. Moore, 751 F.3d 272, 275 (4th Cir. 2014) (quoting the "savings clause" of 28 U.S.C. § 2255(e)).

Under the section 2255(e) "savings clause" test announced in Wheeler, section 2255 relief is "inadequate or ineffective" to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429. If the section 2241 petitioner cannot satisfy the section 2255(e) "savings clause" test requirements, the court must dismiss the petition for lack of subject-matter jurisdiction. Id. at 423; see Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (per curiam).

Here, petitioner fails to satisfy the Wheeler test. First, Wheeler itself does not change any substantive law affecting the legality of petitioner's sentence. Second, even if petitioner's prior convictions no longer constitute predicate offenses for a career offender sentence under the Guidelines, because petitioner was sentenced under the advisory Guidelines, see Booker, 543 U.S. at 245 (rendering the Guidelines non-mandatory), petitioner cannot satisfy the fourth Wheeler prong. See Foote, 784 F.3d at 941–42 (misapplied career-offender enhancement under advisory Guidelines not a "fundamental defect"); cf. Lester, 909 F.3d at 715–16 (finding Foote inapplicable for petitioner

4

sentenced under pre-Booker mandatory guidelines). Third, the sentencing court's denial of petitioner's prior section 2255 motion does not render such relief "inadequate or ineffective." See In re Vial, 115 F.3d at 1194 n.5 ("[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision [ ] or because an individual is procedurally barred from filing a § 2255 motion." (citations omitted)).

The court also has considered the cases cited by petitioner. Mathis, Davis, Rosales-Mireles, and Molina-Martinez have not been found to apply retroactively on collateral review. See Tyler v. Cain, 533 U.S. 656, 663 (2010) (noting that "a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive."); see also Walker v. Kassell, 726 F. App'x 191, 192 (4th Cir. 2018) (per curiam) (unpublished) (noting Mathis has not been held retroactively applicable on collateral review); United States v. Twitty, No. CR 0:98-826-CMC, 2018 WL 4506802, at *2 (D.S.C. Sept. 20, 2018) (noting "neither Molina-Martinez nor Rosales-Mireles were held to be retroactive to cases on collateral review"), aff'd, 763 F. App'x 318 (4th Cir. 2019); Lee v. United States, No. 7:07-CR-79-D, 2013 WL 5561438, at *3 (E.D.N.C. Oct. 8, 2013) ("Davis announced a purely procedural rule that is not retroactive on collateral review."), aff'd (Sept. 29, 2014). Davis, Simmons, and Carachuri-Rosendo also cannot satisfy the second prong of the Wheeler test because these cases were decided prior to petitioner's section 2255 motion. See Phelps, No. 1:07-CR-00408-JAB-1, Mot. [D.E. 29] (M.D.N.C. Mar. 12, 2014), Mem. [D.E. 32] (M.D.N.C. Mar. 29, 2014) (citing Simmons and Davis), Order [D.E. 42] (M.D.N.C. Nov. 16, 2016).

Petitioner's reliance on Newbold also is misplaced. In that case, the Fourth Circuit applied Simmons to determine whether a petitioner's 1984 conviction constituted a serious drug offense under 18 U.S.C. § 924(e)(2)(A), and thus could serve as a predicate offense for sentencing under the Armed Career Criminal Act ("ACCA"). See Newbold, 791 F.3d at 459–63. Here, by contrast,

5

petitioner was not sentenced under the ACCA but instead was found to be a career offender under the advisory Guidelines. Thus, Newbold is substantially distinguishable from the instant action and offers petitioner no avenue for habeas relief. See id. at 459 (citing Foote for the proposition that a mistaken career offender designation under the Guidelines is not cognizable on collateral review).

Because the court applies the holdings in Lester and Wheeler, plaintiff's attempted reliance on Jefferson also is misplaced. Cf. Jefferson, 747 F. App'x at 166 (remanding for reconsideration because Lester and Wheeler were decided between court's denial of section 2241 relief and appeal).

In sum, because petitioner cannot satisfy the section 2255(e) "savings clause" requirements, the court will dismiss the instant section 2241 petition for lack of subject-matter jurisdiction. See Wheeler, 886 F.3d at 423; Rice, 617 F.3d at 807.

Finally, after reviewing the claims presented in the habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong, and none of the issues deserve encouragement to proceed further. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). Accordingly, the court denies a certificate of appealability.

### Conclusion:

In sum, the court: GRANTS respondent's motion to dismiss [D.E. 13]; DISMISSES the section 2241 petition for lack of jurisdiction [D.E. 1]; DENIES a certificate of appealability; and DIRECTS the clerk to close the case.

SO ORDERED. This __19__ day of November, 2019.

TERRENCE W. BOYLE
Chief United States District Judge